[Crim. No. 190. Fourth Appellate District.—May 11, 1936.]

In the Matter of the Application of ED MOFFETT for a Writ of Habeas Corpus.

742

George A. Work for Petitioner.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Walter C. Haight, District Attorney (Tulare), and W. G. Machetanz, Deputy District Attorney, for Respondent.

MARKS, J.—This is a motion to vacate and set aside the judgment and order of this court made in this case on March 9, 1936 (*In re Moffett*, 12 Cal. App. (2d) 320 [55 Pac. (2d) 584]), on the ground that the court had acquired no jurisdiction to proceed because a copy of the application for the writ of *habeas corpus* was not served upon the district attorney of Tulare County, where petitioner was held in custody, at least twenty-four hours before the writ was made returnable. (Sec. 1475, Pen. Code.)

An examination of the record discloses no proof of any service on the district attorney of Tulare County. It is not contended that any service was ever made upon him. This defect escaped my notice when examining the proceedings prior to the filing of the opinion on March 9th.

Section 1475 of the Penal Code provides that no application for a writ of *habeas corpus* can be heard without proof of due service on the district attorney. It is my construction of this section that proof of due service is a necessary prerequisite to a consideration of the petition on its merits, and in the absence of such proof the court is without power to proceed. It follows that the motion must be granted.

Of course, the question of waiver of service, or voluntary appearance by the district attorney without service, is not involved here as no appearance was made by him.

It is ordered that the judgment and order of this court made in this proceeding on March 9, 1936, directing that the petitioner, Ed Moffett, be discharged and his bail exonerated, be, and the same is, hereby vacated and set aside, together with the order of submission.

Barnard, P. J., and Jennings, J., concurred.